IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:15-CR-144 |
| vs. | MEMORANDUM AND ORDER |
| ANNETTE MAUREEN LUJAN, | |
| Defendant. | |

This matter is before the Court upon initial review of the pro se motion to vacate under 28 U.S.C. § 2255 (filing 60) filed by the defendant, Annette Maureen Lujan. The motion was timely filed less than 1 year after the defendant's conviction became final. *See* § 2255(f). The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show that the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010). Accordingly, a motion to vacate under § 2255 may be summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

BACKGROUND

The defendant was convicted, pursuant to a guilty plea, of conspiracy to possess 50 grams or more of methamphetamine with intent to distribute it, in violation of 21 U.S.C. § 846. The presentence report found no basis for an adjustment based on the defendant's role in the offense, filing 52 at 8, and the defendant did not object to that finding, *see* filing 44. The Court found that the defendant's applicable sentencing range under the Sentencing Guidelines was 60 to 71 months, and imposed the statutory mandatory minimum sentence of 60 months' imprisonment. Filing 57 at 2; filing 58 at 1. The defendant moves to vacate that sentence pursuant to § 2255. Filing 60.

DISCUSSION

The defendant's sole argument is that she should receive a two-point reduction in her offense level pursuant to U.S.S.G. § 3B1.2, based on her allegedly minor participation in the offense. Filing 60. Her argument is premised on U.S.S.G. Amend. 794: that amendment, which was effective on November 1, 2015, made no change to the text of § 3B1.2. Instead, it made changes and additions to the commentary to § 3B1.2, to provide additional guidance to courts in determining whether a mitigating role adjustment applies. And Amendment 794 was not made retroactive to defendants who had already been sentenced. *See*, 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(d); *see also United States v. Hernandez,* 18 F.3d 601, 602 (8th Cir. 1994).

The defendant's argument for vacating her sentence based on Amendment 794 is without merit, for several reasons. The first, and most obvious, is that Amendment 794 was effective November 1, 2015, and the defendant was sentenced on March 17, 2016. The Court uses the Guidelines manual in effect on the date that a defendant is sentenced. *See* U.S.S.G. § 1B1.11(a). Accordingly, the defendant already received the benefit of Amendment 794 at her sentencing.

Second, if the defendant *had* been sentenced before November 1, 2015, Amendment 794 would not apply to her. The Court is aware of *United States v. Quintero-Leyva,* 823 F.3d 519, 522-23 (9th Cir. 2016), in which the Ninth Circuit recently held that Amendment 794 applies retroactively to cases on direct appeal. Filing 60 at 1. But this case is not on direct appeal, and was not on November 1, 2015. Furthermore, while the Ninth Circuit applies a "clarifying" amendment to the Sentencing Guidelines retroactively to cases on direct appeal, the Eighth Circuit has rejected that view, holding that only amendments enumerated in § 1B1.10 are to be applied retroactively, even if appellate review has not concluded. *United States v. Dowty,* 996 F.2d 937, 938 (8th Cir. 1993) (citing *United States v. Caceda,* 990 F.2d 707, 710 (2d Cir. 1993)); *see United States v. Williams,* 905 F.2d 217, 218 (8th Cir. 1990).

Third, even if the defendant has some basis for a retroactive reduction to her sentence, she was sentenced to the statutory minimum. And the Court is without authority to impose a sentence below a statutory mandatory minimum sentence. *See United States v. Theeler*, 633 F. App'x 358, 359 (8th Cir. 2016).

Finally, even if the defendant had some plausible argument for sentencing error, that argument would not be cognizable under § 2255. The Eighth Circuit has explained that

> Section 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus. Like habeas corpus, this remedy does not encompass all claimed errors in conviction and sentencing. It provides a remedy for jurisdictional and constitutional errors, neither of which is at issue here. Beyond that, the permissible scope of a § 2255 collateral attack on a final conviction or sentence is severely limited; an error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice.

*Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (citations and quotations omitted). And, the Court of Appeals said, ordinary questions of Guidelines interpretation falling short of the "miscarriage of justice" standard do not present a proper § 2255 claim, and may not be re-litigated under § 2255. *Sun Bear*, 644 F.3d at 704. In sentencing, a "miscarriage of justice" is cognizable under § 2255 when the sentence is in excess of that authorized by law, *i.e.*, imposed without, or in excess of, statutory authority. *Sun Bear*, 644 F.3d at 705-06. In other words, the Eighth Circuit has concluded that a sentence that is within the statutory range cannot be challenged, pursuant to § 2255, on the basis of alleged Guidelines error. *See Sun Bear*, 644 F.3d at 706.

Accordingly, *even if* the defendant had a plausible claim that Amendment 794 changed the law applicable to her in a way that supported a minor role adjustment, that claim would not establish a right to relief pursuant to § 2255.

## CONCLUSION

The defendant's allegations entitle her to no relief. Accordingly, her § 2255 motion will be summarily dismissed.

A movant cannot appeal an adverse ruling on her § 2255 motion unless she is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R.

App. P. 22(b)(1). A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the movant must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012*).*

In this case, the defendant has failed to make a substantial showing of any cognizable § 2255 claim. The Court is not persuaded that the issues raised are debatable among reasonable jurists, that a Court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability.

IT IS ORDERED:

1. The defendant's pro se motion to vacate under 28 U.S.C. § 2255 (filing 60) is denied.

2. The Court will not issue a certificate of appealability in this matter.

3. A separate judgment will be entered.

4. The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at her last known address.

Dated this 13th day of October, 2016.

BY THE COURT:

*[signature]*
John M. Gerrard
United States District Judge

